UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| HERTZ INVESTMENT GROUP LLC, ET AL. | CIVIL ACTION NO. 21-CV-0482 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| ZURICH AMERICAN INSURANCE CO., ET AL. | MAGISTRATE JUDGE KATHLEEN KAY |

### MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

Zurich American Insurance Co.[1] and American Guarantee & Liability Insurance Co. (collectively "American Guarantee") respectfully submit this Memorandum in Opposition to the Motion to Remand (Doc. 14) filed by Hertz Investment Group, LLC and Hertz Lake Charles One, LLC. In short, American Guarantee asks the Court to deny the Motion to Remand because the allegedly non-diverse Hertz Lake Charles One, LLC[2] is not a real party in interest to this litigation. In the alternative, American Guarantee requests the authority to engage in limited jurisdictional discovery regarding the membership of Hertz Group Realty Operating Partnership, LP. Further discussion follows.

### I. FACTUAL BACKGROUND

**A.   The Plaintiffs' Allegations.**

Hertz Investment Group, LLC ("HIG") and Hertz Lake Charles One, LLC ("HLCO") sued American Guarantee on December 23, 2020. Doc. 1-2, p.1. HIG asserts that it is the "named insured" under Zurich EDGE Policy No. ERP0280044-03 (the "Policy"). *Id.* at ¶ 1. HLCO

---

[1] Zurich American Insurance Company ("Zurich") has filed a separate motion to dismiss pursuant to Rule 12(b)(6) (Doc. 8), which remains pending at this time. By joining with American Guarantee & Liability Insurance Company in the opposing the effort at remand, Zurich does not intend to waive, and indeed expressly reserves, its position with respect to the pending motion.

[2] American Guarantee notes from the outset that Hertz Investment Group, LLC, the "First Named Insured" under the subject policy, does not identify any diversity jurisdiction defect as between it and American Guarantee.

PD.32889845.1

asserts that it is an "additional insured" under the Policy. *Id.* Both plaintiffs seek contractual and extra-contractual damages arising from American Guarantee's adjustment of and related payments for damage to the Capital One Tower in downtown Lake Charles; however, the specifics of their claims are irrelevant to this motion.

**B.      Insureds and Additional Insureds Under the Policy.**

The Policy designates HIG as the "First Named Insured." The operative clause reads as follows:

> Named Insured and Mailing Address
>
> Hertz Investment Group, LLC
> 21860 Burbank Blvd
> Suite 300
> Woodland Hills, CA 91367
>
> hereafter referred to as the First Named Insured.
>
> The following are all hereafter referred to as the "Insured", including legal representatives.
>
> The First Named Insured; and
>
> any subsidiary of the First Named Insured. The First Named Insured's interest in any partnership, joint venture or other legal entity in which the First Named Insured has management control or ownership as now constituted or hereafter is acquired.

Ex. "A," p.13 (formatting and bolding omitted; paragraph breaks supplied).[3] The Policy does not contain an endorsement or a schedule of "additional insureds." Instead, there is only one scenario by which a party can become an "additional insured" under the Policy:

> When any Insured described above is a party to a written contract or agreement on file, that requires a legal entity to be identified as an additional insured under this Policy, this Policy includes the legal entity as an additional insured[.]

Ex. "A," p.13.

---

[3] For the convenience of the Court, American Guarantee has supplied pagination to the Policy in blue type on the lower right-hand corner of the document.

PD.32889845.1

2

## III. ARGUMENT AND AUTHORITIES

A. **HLCO's Citizenship is Irrelevant Because it is not a Real Party in Interest.**

"In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded." *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 309 (5th Cir. 2021), *as revised* (Feb. 26, 2021) (citing *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985)). "The real party in interest is the person holding the substantive right sought to be enforced, **and not necessarily the person who will ultimately benefit from the recovery**." *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 362 (5th Cir. 2014) (citing *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001)).

American Guarantee filed Doc. 18, a Rule 12(b)(6) motion to dismiss HLCO, because HLCO is not an additional insured entitled to enforce rights under the Policy as it asserted in its Petition. *See generally* Doc. 18-1. In summary:

- HLCO bears the burden of showing that it is an additional insured entitled to enforce the policy. *WH Holdings, LLC v. ACE Am. Ins. Co.*, 2013 WL 2286107, at *3 (E.D. La. May 23, 2013), *aff'd*, 574 F. App'x 383 (5th Cir. 2014); *see also Hanover Ins. Co. v. Sup. Lab. Servs., Inc.*, 2017 WL 2973080, at *11 (E.D. La. July 12, 2017).

- The Policy does not add additional insureds *via* endorsement or a schedule. Instead, additional insured status can only arise out of a specific contractual circumstance in which HIG or an HIG "subsidiary" was "party to a written contract or agreement on file[]

- that require[d] [HLCO] to be identified as an additional insured under this Policy[.]" Ex. A," p.13.

- HLCO has not alleged the sole circumstance by which a party becomes an additional insured under the Policy. Nor has it alleged that it is an HIG "subsidiary" and thus an "Insured." Accordingly, HLCO cannot satisfy its burden of proving that it is entitled to enforce the Policy.

HLCO is not a "real party in interest" for diversity jurisdiction purposes for the same reason that it cannot maintain a claim against American Guarantee: HLCO has no contractual right to assert a claim against American Guarantee under the Policy. Thus, even if HLCO contends that HIG's suit will inure to its benefit, it remains—at best—a nominal party, such that its citizenship is jurisdictionally irrelevant. *See Spicer*, 751 F.3d at 362 and *Grace Ranch*, 989 F.3d at 309.

**B.  In the Alternative, American Guarantee Requests an Opportunity to Conduct Jurisdictional Discovery Regarding the Citizenship of Hertz Group Realty Operating Partnership, LP.**

Hertz argues that diversity is lacking because one of three purported members of LCO is Hertz Group Realty Operating Partnership, LP, of which the Helene Wagner Living Trust Dated June 16, 1987 (the "Wagner Trust") is a member. Doc. 14-1, pp.1-2. Specifically, HLCO alleged that the Wagner Trust is a citizen of Illinois and offered a tax document for the 2019 calendar year to corroborate that claim. *See id.* and Doc. 14-2. American Guarantee has endeavored to try to obtain information to confirm the statements made in the Motion to Remand from the state of Delaware. However, the documents obtained from the state of Delaware fail to identify the members for either HLCO or Hertz Group Realty Operating Partnership, LP.[4] Thus, through no

---

[4] *See* Exhibits B and C attached hereto.

fault of its own, American Guarantee is unable to confirm the citizenship of HLCO, either through the information provided by Hertz or from other available sources.

"It is well settled that citizenship for purposes of diversity is determined at the time of commencement of the suit[.]" *Hazelton v. Union Pac. R.R. Co.*, 497 F. Supp. 2d 800, 804 (W.D. La. 2007). Notably, HLCO did not attach any document reflecting either HLCO's or Hertz Group Realty Operating Partnership, LP's partners at the time HLCO filed suit (December 23, 2020).[5] Should the Court find that that HLCO is an additional insured notwithstanding the defects in that claim noted above, American Guarantee asks the Court for an opportunity to conduct limited jurisdictional discovery regarding the citizenship of HLCO, including the identity and citizenship of partners of Hertz Group Realty Operating Partnership, LP, at the time that HIG and HLCO commenced the litigation. American Guarantee suspects that this discovery could be completed in as little as thirty days with appropriate delays ordered by the court.

## IV. CONCLUSION

As outlined above, American Guarantee asks the Court to deny the plaintiffs' motion to remand because HLCO is not a real party in interest. In the alternative, HLCO asks the court to permit limited jurisdictional discovery regarding the citizenship of HLCO, including the identity and citizenship of Hertz Group Realty Operating Partnership, LP, as of December 23, 2020.

* * *

---

[5] Doc. 1-2, p.1.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Virginia Y. Dodd*
Virginia Y. Dodd, Bar Roll No. 25275
Heather S. Duplantis, Bar Roll No. 30294
Kevin W. Welsh, Bar Roll No. 35380
II City Plaza | 400 Convention St., Suite 1100
Baton Rouge, Louisiana 70802-5618
Post Office Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: 225-346-0285
Telecopier: 225-381-9197
Email: ginger.dodd@phelps.com
heather.duplantis@phelps.com
kevin.welsh@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2021 a true and correct copy of the foregoing *Memorandum in Opposition to Motion to Remand* was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

*/s/ Virginia Y. Dodd*
Virginia Y. Dodd
La. Bar Roll No. 25275
ginger.dodd@phelps.com