UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **HERTZ INVESTMENT GROUP, LLC AND HERTZ LAKE CHARLES ONE, LLC** | **CIVIL ACTION NO. 2:21-CV-00482** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ZURICH AMERICAN INSURANCE COMPANY AND AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY** | **MAGISTRATE JUDGE KATHLEEN KAY** |

## REPLY IN SUPPORT OF MOTION TO REMAND

Plaintiffs, Hertz Investment Group, LLC ("HIG") and Hertz Lake Charles One, LLC ("HLCO") (HIG and HLCO are collectively "Hertz"), submit this Reply Memorandum in Support of their Motion to Remand {Doc. No. 14] to Reply to the Memorandum in Opposition to Motion to Remand [Doc. No. 19] filed by Zurich American Insurance Co. ("ZAIC") and American Guarantee & Liability Insurance Co. ("AGLIC") (collectively "Zurich Defendants").

This Court should grant Hertz's motion to remand because the Zurich Defendants have impermissibly attempted to change the basis for their removal and assert an entirely new ground for same through their Opposition which is improper and untimely.

### I.     BACKGROUND

On December 23, 2020, Hertz filed a Petition against the Zurich Defendants in the 14th Judicial District Court for the Parish of Calcasieu, Louisiana.  On January 27, 2021, the Zurich Defendants were served with Hertz's Petition.  On February 26, 2021, the Zurich Defendants filed a Notice of Removal in this Court [Doc. No. 1].

The Zurich Defendants based their removal on "complete diversity of citizenship" between HIG and HCLO and themselves. Doc. No. 1 at ¶ 6, p.3. The Zurich Defendants asserted they were both citizens of New York (where they were organized) and *__Illinois__* (where they have their principal places of business). *Id.* at ¶¶ 4-5, p.3. The Zurich Defendants further alleged, without citing any supporting documentation, that HCLO's "*__sole__* member" is Hertz Lake Charles Manager, Inc. ("HLC Mgr."), which is incorporated under the laws of Delaware with its principal place of business in California. *Id.* ¶ 3, p.2 (emphasis). ***__Nowhere in their Notice of Removal did the Zurich Defendants contend that HLCO was not a "real party in interest" whose citizenship should be ignored.__***[1]

On March 29, 2021, Hertz filed its Motion to Remand, noting that HLCO has two additional members not noted by the Zurich Defendants in their Notice of Removal: (1) Hertz Group Realty Operating Partnership, LP ("Hertz LP") and (2) Hertz Properties Group, LLC. One of the partners of HCLO member Hertz LP is the Helene Wagner Living Trust Dated June 16, 1987, an Illinois trust, of which Ms. Wagner, a resident and citizen of ***__Illinois__***, is the trustee.[2]

On April 19, 2021, the Zurich Defendants filed their Opposition to Hertz's remand motion. In doing so, the Zurich Defendants abandoned the basis on which they initially removed this matter from state to federal court, *i.e.,* claiming that ***__both__*** HIG and HLCO were diverse from the Zurich

---

[1] AGLIC also did not make such an allegation in its Answer filed March 5, 2021. *See* Doc. No. 7. In fact, AGLIC responded to the Petition of both HIG and HLCO and stated several times that it had made unconditional tenders of over $22.6 million under the Policy. *See, e.g.,* Doc. No. 7 at ¶¶ 3, 5-9, 21-23.

[2] On March 23, 2021, Hertz informed the Zurich Defendants' counsel in writing of this information and provided her documentation regarding same on March 25, 2021. In the almost month from when Hertz provided this information and documentation to the Zurich Defendants, they did not request any additional information or documentation from Hertz before filing their Opposition on April 19, 2021. Nevertheless, Hertz attaches the Declaration of Daniel Nagler as well as the redacted Hertz LP Schedule K-1 Projection for the Wagner Trust showing its partnership capital ownership percentage as of December 31, 2020 further confirming this information. *See* Exhibits 1 & 2.

Defendants.  Rather, they now argued that HLCO was "not a real party in interest to this litigation." whose citizenship should be ignored.  Doc. No. 19 at p.1.

In their Opposition  filed almost three months after they were served with Hertz's state court Petition, the Zurich Defendants are attempting to untimely amend their Notice of Removal to assert a different ground which was not contained in the original.  Such a maneuver is not allowed by federal courts, and this Court should reject same as well, thereby granting Hertz's motion to remand.

## II. THE ZURICH DEFENDANTS MAY NOT ASSERT A NEW GROUND FOR THEIR REMOVAL BY AN OPPOSITION MEMORANDUM AFTER THE DEADLINE TO REMOVE HAS PASSED.

The instant case is remarkably similar to the federal case of *UMLIC Consolidated, Inc. v. Spectrum Financial Services Corp.*, 665 F. Supp. 2d 528 (W.D.N.C. 2009).  In that case, the defendant Spectrum (a South Carolina citizen) removed a matter from North Carolina state to federal court, contending that both plaintiffs UMLIC and UMLI were North Carolina citizens, thereby creating federal diversity jurisdiction.  In its motion to remand, plaintiff UMLIC established it was a South Carolina, not North Carolina, corporation.

In its opposition to the remand motion,  the removing defendant Spectrum, like the Zurich Defendants in the instant matter, contended that UMLIC is "***not a real party in interest*** and ***its citizenship should be disregarded*** for purposes of diversity jurisdiction." *Id.* at 533 (emphasis added).  As in the instant case, the court noted that this not-real-party-interest argument was "not raised" in the defendant Spectrum's Notice of Removal nor had defendant Spectrum moved to amend its Notice of Removal to incorporate such allegations. *Id.*

The UMLIC court noted that "[a] defendant may not use a memorandum to attempt to amend his notice of removal to add a basis for removal." *Id.* It then rejected "Defendant's attempt to amend the removal notice to raise a completely new ground for removal in their response brief well beyond the thirty-day period." *Id.* The court concluded the removing defendant "cannot argue a completely new ground for removal jurisdiction at this stage in the proceeding." *Id.* at 534.

These statements were part of the Magistrate Judge's Memorandum and Recommendation ("M&R"). The district court found the "the Magistrate Judge's findings of fact are supported by the record and his conclusions of law are consistent with and supported by current case law" and accepted the M&R and adopted it as the final decision of the court for all purposes, thereby granting the plaintiffs' motion to remand and ordering the matter remanded to North Carolina state court. *Id.* at 529.

On this issue, Judge Eldon Fallon of the United States District Court for the Eastern Louisiana has cited *UMLIC*, noting:

> Courts frequently hold that a party cannot remove a case to federal court on one jurisdictional theory and then later oppose a motion on a different theory [such as] remov[ing] on the basis of diversity jurisdiction and later argu[ing] that non-diverse plaintiff was not a real party in interest

*In Vioxx Prods. Liab. Litig*, 843 F. Supp. 2d 654, 664 n.10 (E.D. La. 2012) (citing *UMLIC*, 665 F. Supp. 2d at 533).

This Court should follow the well-reasoned opinion in UMLIC that is directly on point to this matter and not allow the Zurich Defendants to raise the entirely new ground of disregarding the citizenship of non-diverse HLCO as it allegedly not being a "real party in interest."[3]

---

[3] While it is not necessary for Hertz to address the substantive issue of whether HLCO is a "real party in interest" due to the above, it is clear that HCLO is a real party in interest. The Calcasieu Parish Assessor lists HLCO as 100% owner of the One Lakeshore Drive Property since June 15, 2007. *See* http://www.calcasieuassessor.org/Search.

### III. **HERTZ IS ENTITLED TO ITS ATTORNEY FEES AND COSTS INCURRED AS A RESULT OF THE REMOVAL**.

Hertz requests this Court require that the Zurich Defendants pay its just costs and actual expenses, including its attorney fees, incurred as result of the removal. It appears that the Zurich Defendants did little, if any, investigation to support their allegation in their Notice of Removal that HLC Mgr. was the "sole" member of HLCO.[4]

The Zurich Defendants also failed to ask Hertz for any more information or documentation after receiving same on March 23 and 25, 2021 or almost a month before filing their Opposition to Hertz's remand motion.

Also, Zurich Defendants have cited no case or statutory support that they can rely on a new ground for removal, not included in their original Notice of Removal, after the deadline for removal is long past.

In this situation, the remand Order should include payment of Hertz's costs and attorneys' fees incurred as a result of the removal in favor of Hertz and against the Zurich Defendants pursuant to 28 U.S.C. § 1447©.

---

Moreover, HIG and HLCO have a written Property Management Agreement dated May 11, 2017 which had an initial three-year term and automatic three-year renewal which provides that HIG as manager will arrange for insurance for HLCO as owner and insured for the Capital One Tower at One Lakeshore Drive in Lake Charles. *See* Declaration of Daniel Nagler, Exhibit 1 at Exhibit A.

[4] In their Notice of Removal filed ***February 26, 2021***, the Zurich Defendants represented to the court that "the ***sole*** member" of HLCO is HLC Mgr. without citing any authority to support that statement. *See* Notice of Removal at ¶ 3 (emphasis added). However, in their Opposition to the Motion to Remand filed ***April 19, 2021***, the Zurich Defendants contend "documents obtained from the state of Delaware fail to identify the members" of HLCO. *See* Opposition to Motion to Remand at 4. Those HLCO documents from Delaware are dated ***March 31, 2021*** or more than one month after the Notice of Removal was filed on February 26, 2021. *Id.,* Exhibit B. Thus, it appears the Zurich Defendants did not have any support for their allegation to the Court in their Notice of Removal regarding HLC Mgr. being the sole member of HLCO because they did not obtain any documentation from Delaware (which does not even include any HLCO membership information) until over a month after their filing of the Notice of Removal.

Costs and attorney's fees are properly awarded when a plaintiff, such as Hertz, opts to litigate its relatively straightforward claims in state court, but then removal greatly complicates the case, thus making it unfair to require either the plaintiffs or their counsel to absorb the cost of litigating the remand motion.[5]

## **CONCLUSION**

For the reasons outlined above and Hertz's original Memorandum in Support of its Motion to Remand, this Court should grant Hertz's Motion to Remand and send this matter back to the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. This Court should also issue require that the Zurich Defendants pay Hertz's just fees and actual expenses, including attorney fees, incurred as a result of the removal.

Respectfully submitted:

*/s/ Martha Y. Curtis*
JAMES M. GARNER, #19589
MARTHA Y. CURTIS, #20446
AMANDA R. SCHENCK, #30706
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**ATTORNEYS FOR PLAINTIFFS HERTZ INVESTMENT GROUP, LLC & HERTZ LAKE CHARLES ONE, LLC**

---

[5] *Greenidge v. Mundo Shipping Corp.,* 60 F.Supp.2d 10 (E.D.N.Y. 1999); *see also HSC Hosp. v. Sun Life Assur. Co. of Can.*, 34 F. App'x 150 (5th Cir. 2002); *Township of Whitehall v. Allentown Auto Auction,* 966 F. Supp. 385 (E.D. Pa.1997) (holding that plaintiff was entitled to attorney's fees incurred as a result of removal, where lack of jurisdiction was plain under law and would have been revealed to defendant's counsel with a minimum amount of research); *S.M. v. Jones,* 794 F. Supp. 638 (W.D. Tex.1992) (holding that plaintiffs were entitled to reasonable attorney's fees and expenses incurred as result of defendants' improper removal of case); *Knudsen v. Samuels,* 715 F. Supp. 1505 (D. Kan.1989) (holding that defendants would be required to pay just costs and any actual expenses, including attorney's fees, incurred as a result of improvident removal); *In re Friedman & Shapiro, P.C.,* 185 B.R. 143 (S.D.N.Y.1995) (holding that award of costs under statute providing for costs incurred as a result of improper removal of case is discretionary and does not require finding that removant acted in bad faith).